IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10-cv-390-GCM

| | |
|---|---|
| DESHANE A. MCCASKEY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JANA HENRY AND YMCA OF ) <br> GREATER CHARLOTTE ) <br> ) <br> Defendant. ) <br> ) | ORDER |

THIS MATTER is before the court upon Defendant's Motion to Dismiss [D.I. 9], Plaintiff's Response to Defendant's Motion to Dismiss [D.I. 13], Defendant's Reply to Response to Motion to Dismiss [D.I. 14], and Plaintiff's Surreply [D.I. 15]. On June 6, 2011, this Court entered an Order dismissing Plaintiff's claims [D.I. 16]. Plaintiff appealed the Order and the Fourth Circuit affirmed in part, vacated in part, and remanded in part [D.I. 21]. Specifically, the Fourth Circuit vacated this Court's dismissal of Plaintiff's failure to promote claim and instructed this Court, on remand, to determine whether Plaintiff sufficiently pleaded that she was qualified for the position. Accordingly, upon review of the Motion to Dismiss briefing already filed, the Court finds that Plaintiff failed to sufficiently plead that she was qualified for the position and Defendant's Motion to Dismiss as to Plaintiff's failure to promote claim is GRANTED.

1

**I. FACTUAL BACKGROUND**

In reviewing this Motion to Dismiss, the Plaintiff's allegations have been taken as true. The following facts are presented as described in the Complaint. DeShane McCaskey ("Plaintiff") began her employment with the YMCA ("Defendant", and with Jana Henry[1], collectively, "Defendants") as a part time housekeeper at the Steele Creek YMCA on January 4, 2006. Plaintiff's Response at 2 [D.I. 13]. Within four months she was awarded the Recognition of Service Excellence Award (R.O.S.E.) for being reliable, friendly, and hardworking. *Id*. In July 2006, her direct superior, Facilities Director Alex Rohleder, mover her to the Morrison Family YMCA and gave her two separate part time positions, which gave her full time hours but not full time status. *Id*. Plaintiff alleges Mr. Rohleder was appreciative of her work as the number of complaints dropped after her arrival. *Id*. After Mr. Rohleder received word that Plaintiff was seeking full time employment elsewhere, he created the position of Facilities/Housekeeping Supervisor to allow Plaintiff to obtain full time status with the YMCA. *Id*. at 3. The Human Resources Director at that time, Leslie Chestnut, was a black woman and allegedly did not interfere with this promotion. *Id*. Both Mr. Rohleder and Ms. Chestnut left their positions and were replaced by Alvaro Morera (a Hispanic male) and Defendant Henry (a white woman), respectively. *Id*.

In August 2008, the Executive Director of the Morrison YMCA, Michelle Miller, allegedly approached Plaintiff about promoting her to Facilities Director of the Steele Creek YMCA, Plaintiff's former, smaller facility. Complaint at 2 [D.I. 2]. Plaintiff claims Ms. Miller

---

[1] It is clear from the Complaint that Jana Henry is not Plaintiff's employer and is therefore also subject to dismissal.

discussed the job description and the pay scale associated with this new position, gave Plaintiff authority to reconfigure the Steele Creek Facilities/Housekeeping Department, and signed Plaintiff up for the Supervisor Class with the YMCA Leadership Academy. *Id*. Plaintiff told several members of the Supervisor Class about her promotion. *Id*. Defendant Henry found out about Plaintiff's discussions with other classmates, and informed Plaintiff that only her locations was changing; Plaintiff's position would remain the same. *Id*. Defendant Henry promised to confirm this understanding with Michelle Miller. *Id*. After meeting with Defendant Henry, Miller informed Plaintiff that she was not being promoted immediately. *Id*. Miller did represent to Plaintiff that after Plaintiff enrolled in the YMCA's Director's Class, she could be promoted. *Id*. Regardless of the changes, Plaintiff transferred back to the Steele Creek YMCA as the Facilities/Housekeeping Supervisor in October 2008. *Id*. There, she was responsible for four part time employees. Plaintiff's Response at 5.

According to Plaintiff's own complaint, there were numerous issues with her tenure at Steele Creek. After going over budget, the YMCA's Finance Director, Eric White, required Plaintiff to cut her employees' hours down to fifty-six per week. *Id*. Plaintiff received numerous complaints about her employees and of the cleanliness of her facility. *Id*. at 7. Though she disciplined the employees, the complaints continued. Complaint at 5. Because of these complaints about the cleanliness of her YMCA, Plaintiff hired two additional staff employees and cut the hours of her other employees. *Id*. Plaintiff's employees regularly left early, spent time on the clock visiting other departments, and seemed to generally ignore their responsibilities. *Id*.

Plaintiff also clashed with the YMCA HR Director, Defendant Henry. Though not her immediate supervisor, Defendant Henry gave Plaintiff a verbal warning for giving a termination

3

warning to a staff employees. Complaint at 5. The employee complained about the incident to Defendant Henry who allegedly sided with the employee against Plaintiff. *Id*. Defendant Henry then told this employee that Plaintiff had not been properly trained by the YMCA. *Id*. Defendant Henry repeated this allegation to Plaintiff. *Id*. When Plaintiff left on vacation without completing her employee schedule by the time she normally had it completed, Defendant Henry gave Plaintiff a "documented counseling" write up for mismanaging her staff. *Id*. at 6. Soon thereafter, although Plaintiff alleges she never received a written termination warning, Defendant Henry terminated Plaintiff's employment. Plaintiff's Response at 7.

Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC"). Complaint at 10. The EEOC concluded that the information was insufficient to establish a violation of 42 U.S.C. § 2000e (1991) ("Title VII"). *Id*. On August 19, 2010, Plaintiff filed a complaint with this Court, *pro se*, alleging that the Defendant YMCA violated Title VII by failing to promote her and then terminating her based on her race. *Id*. at 7. Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants moved to dismiss Plaintiff's Complaint. Memo in Support of Motion to Dismiss at 1 [D.I. 9].

## II. LEGAL STANDARD

To survive a motion to dismiss, the Plaintiff must make factual allegations which "raise a right to relief above the speculative level" and plead "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545, 547 (2007). The Court must view the complaint in the light most favorable to the Plaintiff and take the Plaintiff's allegations as true. *Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994). The Fourth Circuit requires district courts to construe *pro se* complaints liberally to ensure that valid claims

4

do not fail merely for lack of legal specificity. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

Ensuring that form does not trump substance also requires courts to "look beyond the face of the complaint to allegations made in any additional materials filed by the plaintiff" to determine whether a *pro se* plaintiff can survive a motion to dismiss. *Garrett v. Elko*, No. 95-7939, 1997 WL 457667, at *1 (4th Cir. 1997) (per curiam) (referencing *Gordon*, 574 F.2d at 1149-1151). However, this liberal construction need not extend to outright advocacy for the *pro se* plaintiff. *Gordon*, 574 F.2d at 1151. *Pro se* plaintiffs, with the assistance of the district court's lenient eye, must still do more than a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (internal citations omitted).

**III. ANALYSIS**

Title VII makes it "an unlawful employment practice for an employer... to discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a) (2006). In order to establish a prima facie claim of a discriminatory failure to promote under Title VII, a plaintiff must show that: "(1) she is a member of a protected group, (2) there was a specific position for which she applied, (3) she was qualified for that position, and (4) [her employer] rejected her application under circumstances that give rise to an inference of discrimination." *Williams v. Giant Food Inc.*, 370 F.3d 423, 430 (4th Cir. 2004). On remand, the Fourth Circuit instructed this Court to determine whether the Plaintiff sufficiently pleaded that she was qualified for the position.

In determining whether a person is qualified for the position, the court looks at all relevant job criteria including interpersonal communication skills. *Hux v. City of Newport News,*

*Va.*, 451 F.3d 311, 318 (4th Cir. 2006). A plaintiff's mere assertion of general qualifications is not enough without some reference to an objective standard. *Evans v. Technologies Applications & Service Co.*, 80 F.3d 954, 959 (4th Cir. 1996) (holding that conclusory statements about a plaintiff's own qualifications are not enough to sustain a prima facie case for failure to promote under Title VII). In a failure to promote case, the plaintiff must establish that she was the better qualified candidate for the position sought. *Gairola v. Virginia Dep't of Gen. Servs.*, 753 F.2d 1281, 1287 (4th Cir. 1985); *Young v. Lehman*, 748 F.2d 194, 198 (4th Cir. 1984).

In her Complaint and in her responses to the Motion to Dismiss, Plaintiff failed to indicate the necessary qualifications for the position of Housekeeping Director. Rather, Plaintiff concludes that she possessed the "experience, qualifications and readiness to be promoted." Plaintiff's Response at 9 [D.I. 13]. Plaintiff further concludes that she "had enough experience, knowledge, qualifications and the characteristics to be promoted to Facilities Director." Plaintiff's Second Response at 3 [D.I. 15]. These conclusory statements are not enough to establish Plaintiff's qualifications, even when taking as true her assertions that she is "dependable, loyal, talented, strong and creative." Plaintiff's Second Response at 5 [D.I. 15]. *Pro se* litigants are entitled to liberal constructions, but the Court recognizes that clearly demonstrating one's qualifications is an important component of failure to promote actions. Here, the Court finds that Plaintiff merely asserted, at best, general qualifications without any reference to an objective standard. *Evans*, 80 F.3d at 959. The Plaintiff's own conclusory statements regarding her qualifications are simply not enough to sustain a prima facie case for failure to promote under Title VII. *Id*.

A *pro se* plaintiff's basis for relief "requires more than labels and conclusions..." *Twombly*, 550 U.S. at 555. Additionally, a *pro se* plaintiff must still "allege facts sufficient to

state all the elements of [the] claim." *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003). Here, Plaintiff concludes that she was qualified for the position of Housekeeping Director, but she failed to allege facts sufficient to support such a conclusion.

For the reasons stated above, Defendants' Motion to Dismiss is GRANTED.

IT IS SO ORDERED.

Signed: April 3, 2012

Graham C. Mullen
United States District Judge