IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10-cv-390-GCM

| | | |
|---|---|---|
| DESHANE A. MCCASKEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JANA HENRY, AND YMCA OF | ) | |
| GREATER CHARLOTTE, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**THIS MATTER** is before the Court on Defendants' Motion for Attorneys' Fees. For reasons stated below, Defendants' Motion for Attorneys' Fees is **DENIED**.

On August, 19, 2010, Plaintiff Deshane A. McCaskey ("Plaintiff") filed a complaint *pro se* against Defendants Jana Henry and YMCA of Greater Charlotte (collectively "Defendants") alleging employment discrimination in violation of Title VII. On August, 24, 2010, this Court granted Plaintiff's Motion for Leave to Proceed in *forma pauperis*. Defendants submitted a Motion to Dismiss Plaintiff's Complaint on October 20, 2010. On June 8, 2011, this Court granted Defendants' Motion to Dismiss. On January 17, 2012, the Fourth Circuit affirmed in part, vacated in part, and remanded, instructing this Court to determine whether Plaintiff sufficiently pleaded that she was qualified for the position for which she applied. On April 3, 2012, this Court found Plaintiff failed to plead facts sufficient to support such a conclusion and therefore granted Defendant's Motion to Dismiss. On April 17, 2012, Defendant submitted its Motion for Attorneys' Fees.

Fed. R. Civ. P. 54(d) and Local Civil Rule 7.1 permit this Court to award reasonable attorneys' fees in appropriate situations. Also, 42 U.S.C. § 2000e-5 authorizes "the court, in its discretion, [to grant] the prevailing party . . . reasonable attorney's fee[s] (including expert fees) as part of the costs" in title VII cases. The Supreme Court stressed that Congress primarily designed this statute to encourage employers to comply with the law although it also serves to deter unwarranted litigation. *See Christiansburg Garment Co. v. E.E.O.C.*, 434 U.S. 412, 416-19 (1978). Accordingly, while plaintiffs generally receive fees just for prevailing in an employment discrimination action, defendants typically receive no such guarantee, barring irregular circumstances. *Id.* Defendants must carry the burden to show why the law entitles them to attorneys' fees. *Spell v. McDaniel*, 852 F.2d 762, 765 (4th Cir. 1988).

Generally, courts do not hold *pro se* litigants to the same standards as licensed attorneys. *See Haines v. Kerner*, 404 U.S. 519, 20 (1972). While no litigant may abuse the judicial system or bring wholly baseless claims, "[a]n unrepresented litigant should not be punished for . . . fail[ing] to recognize factual or legal deficiencies" in his or her claims. *Hughes v. Rowe*, 449 U.S. 5, 15 (1980).

The Fourth Circuit gives district court judges considerable discretion in determining awards for attorneys' fees. *E.E.O.C. v. Great Steaks, Inc.*, 667 F.3d 510, 517 (4th Cir. 2012) ("The fixing of attorneys' fees is peculiarly within the province of the trial judge . . . [and] [w]e thus accord great deference to the trial court's assessment of whether the plaintiff's claim was frivolous, unreasonable, or groundless."). Courts must exercise this discretion to decide whether a plaintiff unnecessarily burdened or delayed the proceedings, or brought a vexatious,"frivolous, unreasonable, or groundless" claim. *Id.* ("There is no set quantity of evidence separating claims that are frivolous, unreasonable, or groundless from those that are not. We have eschewed such

formalistic line drawing, and for good reason."). Furthermore, a court may consider equitable considerations such as the financial means of a party when fashioning an award of attorneys' fees. *See Introcaso v. Cunningham*, 857 F.2d 965, 968 (4th Cir. 1988).

Here, the evidence does not support a conclusion that Defendant's deserve reasonable attorneys' fees. Having reviewed the record, nothing indicates that this court ever described Plaintiff's arguments as wholly groundless, unreasonable, frivolous, or vexatious. Additionally, Plaintiff did not ignore the court's directives or unnecessarily delay or burden the proceedings.

Although Plaintiff failed to respond to Defendants' Motion for Attorneys' Fees, the Court acknowledges that *pro se* litigants deserve a degree of leniency in navigating a complicated legal system for which they possess no professional expertise. Nonetheless, any response by the Plaintiff would not change the court's determinations regarding an award of attorneys' fees to Defendants due to equitable considerations.

Given that the court granted Plaintiff's Motion for Leave to Proceed in *forma pauperis*, this court finds it unlikely that Plaintiff could satisfy the requested amount of $10,267 in attorneys' fees. Such an award would put an unjust and undeserved financial burden on Plaintiff.

**IT IS, THEREFORE, ORDERED** that Defendants' Motion for Attorneys' Fees is hereby **DENIED.**

**IT IS SO ORDERED.**

Signed: June 27, 2012

Graham C. Mullen
United States District Judge